UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNETH W. MONTGOMERY | * | CIVIL ACTION NO. 10-CV-202 |
| DOC #325785 | * | |
| | * | SECTION P |
| VS. | * | |
| | * | JUDGE MINALDI |
| TONY MANCUSO, ET AL | * | |
| | * | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Kenneth W. Montgomery on February 5, 2010.  Plaintiff was a pre-trial detainee in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) at the time the complaint was filed.  He was housed in the Calcasieu Correction Center (CCC), Lake Charles, Louisiana, and he complained of the conditions of his confinement.  Plaintiff was subsequently released from custody and advised the court that he was residing in Lake Charles, Louisiana.

### Statement of the Case

The undersigned concluded an initial review of the complaint and on November 4, 2011, issued a Memorandum Order [Doc. 6] directing plaintiff to amend his deficient petition within thirty days.  To date plaintiff has not responded to that order.

### Law and Analysis

A district court may dismiss an action if the plaintiff fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant."  *McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  "The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.  Plaintiff was directed to provide additional information and he has failed to do so.

Accordingly,

**IT IS RECOMMENDED** that the complaint be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 30th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE